IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00538-RJC-SCR

| | |
|---|---|
| **SHERIF PHILIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| **PITT COUNTY MEMORIAL** | ) |
| **HOSPITAL, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss, Motion for Prefiling Injunction, and Alternatively Motion to Transfer Venue" (Doc. No. 8) and the parties' briefs and exhibits. (Doc. Nos. 9, 11, and 16).[1]

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant the alternative relief requested and transfer this matter to the United States District Court for the Eastern District of North Carolina, as discussed below.

This action is the pro se Plaintiff's sixth lawsuit related to the suspension and revocation of his medical staff privileges at Pitt County Memorial Hospital. For a more complete procedural

---

[1] The Court has not reached and forms no opinion as to the merits of the remainder of Defendants' Motion, or the other Motions pending in this matter. The Court notes that as the "home District" of this dispute, the U.S. District Court for the Eastern District of North Carolina will be far better suited to evaluate Defendants' arguments that this matter is barred by prior litigation that occurred there and to consider whether a prefiling injunction is appropriate.

history, see "Defendants' Memorandum of Law in Support…" (Doc. No. 9 at 2-7). The underlying events giving rise to the lawsuits took place primarily from 2004 through 2006. Id. All of Plaintiff's prior claims were purportedly adjudicated against him. Id. In his brief in opposition, Plaintiff contends that those actions were "botched by Both [*sic*] Federal and State Courts" and that "all of the law suits [*sic*] were unsuccessful due to lawyer's gimmicks." (Doc. No. 11 at 2 & 4).

The Complaint is silent as to venue. Concerning jurisdiction, the Complaint states only "[t]he District Court of North Carolina had jurisdiction over local cases as well as Federal cases concerning the constitution [*sic*] treaties and Federal law." (Doc. No. 1 at 2). Immediately thereafter, Plaintiff states that he is complaining of "unlawful peer review done by Pitt County Memorial Hospital." Id. at 3. The Complaint mentions no events occurring in this District and does not allege that Plaintiff or any Defendant resides here. Id. Rather, it is clear from the record that the individual Defendants reside in the Eastern District, and Defendant Hospital is located in that District as well. "Summons" (Doc. No. 2). Plaintiff resides in Guam. Id.

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). Further, 28 U.S.C. § 1406(a) provides that when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Cirillo v. Citrix Sys., No. 3:20-CV-00540, 2021 U.S. Dist. LEXIS 17909 at *3 (W.D.N.C. Jan. 29, 2021) (quoting Benton v. England, 222 F. Supp. 2d 728, 731 (D. Md. 2002)).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not, venue is improper,

and the case must be dismissed or transferred under § 1406(a)." Id.

28 U.S.C. § 1391(b) provides:

A civil action may be brought in—

( 1 ) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

( 2 ) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

( 3 ) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

This action arises out of events that occurred in the Eastern District of North Carolina; none of the events occurred in this District. The individual Defendants reside in the Eastern District of North Carolina and Defendant Hospital is located there too. Accordingly, pursuant to § 1391(b), venue is not proper in the Western District of North Carolina. Rather, the proper venue for this action is the Eastern District of North Carolina.

For these reasons, the Court will transfer venue to the Eastern District of North Carolina.

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendants' Alternativ[e] Motion to Transfer Venue" (Doc. No. 8) is **GRANTED**.

2. The Clerk is directed to hold the file in this case for 28 days, which includes 14 days after service of this Order when the parties' right of appeal to the Honorable Robert J. Conrad, Jr. expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Eastern District of North Carolina.

3. The Clerk is further directed to send copies of this Order to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: February 20, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge